**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**J. Mark Coulson**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**P: (410) 962-4953 | F: (410) 962-2985**
**mdd_jmcchambers@mdd.uscourts.gov**

September 18, 2026

LETTER ORDER AND OPINION TO COUNSEL

RE: *Stolba v. Marriott Resorts Hospitality Corporation*
Civil No. 1:25-cv-03208-JMC

Dear Counsel:

Plaintiff, Morgan Stolba, filed the instant tort litigation in state court against Defendant on December 13, 2024. (ECF No. 1 at 1).[1] Defendant filed a notice of removal to this Court on September 26, 2025. *Id.* Before the Court is a discovery dispute regarding the site of a deposition of Defendant's corporate witness, who will be deposed both in his individual capacity and as a Rule 30(b)(6) designee. The parties have submitted their respective position statements pursuant to this Court's informal discovery dispute resolution protocol. (ECF Nos. 13, 34–36). The issues have been fully briefed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, Plaintiff's request is DENIED and Defendant's requested relief is GRANTED.

## I. Background

On December 13, 2024, Plaintiff filed the instant litigation in the Circuit Court of Maryland for Howard County. (ECF No. 1 at 1–2). Plaintiff alleges that Defendant is liable for injuries sustained at a resort in Orlando, managed and maintained by Defendant where a non-guest entered the property and discharged a firearm into a gym where Plaintiff was exercising on December 14, 2022. (ECF No. 2 at 4–5).

Turning to the presently pending dispute, on September 16, 2026, the Court received a joint filing notifying the Court of a discovery dispute regarding the location of the deposition of Defendant's corporate designee. (ECF No. 34). Plaintiff asks this Court to order that the deponent travel to Maryland for the upcoming deposition (ECF No. 35) and Defendant asks this court to order that the deposition go forward in Florida. (ECF No. 36).

## II. Analysis

Defendant argues that the deponent, "Defendant's corporate designee and the Resort's Director of Safety and Security" should not be required to travel from her Orlando, Florida—the area where she resides and where Defendant's principal place of business and corporate headquarters are located—to Baltimore, Maryland for an in-person deposition. (ECF No. 36 at 1).

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. If there are none, the Court is referring to the page number of the PDF.

Plaintiff disagrees and claims that the deposition should occur in Maryland, which is the state where the litigation is pending and where Plaintiff's counsel is located. (ECF No 35 at 1). As set forth below, the Court finds that the deposition shall occur in Florida.

*A. The Presumption of Maryland is Overcome in Favor of Florida*

The parties both correctly cite *Goldstein v. Lincoln National Life Ins. Co.*, No. WMN-09-CV-706, 2010 WL 11549757, at *1 (D.Md. Aug. 2, 2010) that establishes a presumption that such a deposition of a corporation through its agents or officers will go forward at a corporate defendant's principal place of business (here Florida) and the factors to be considered in deciding whether that presumption has been overcome. *See also Amrsey v. Medshares Mgmt Servs*., 184 F.R.D 569, 571 (W.D. Va. 1998). The factors are as follows:

> 1) the location of counsel for both parties in the forum district; 2) the number of corporate representatives a party is seeking to depose; 3) the likelihood of significant discovery disputes arising which would necessitate resolution by the forum court; 4) whether the persons sought to be deposed often engage in travel for business purposes; 5) whether the defendant has filed a permissive counterclaim; and 6) the equities with regard to the nature of the claim and the parties' relationship.

*Goldstein*, 2010 WL 11549757 at *1. The parties obviously disagree as to whether those factors applied to this case defeat the presumption.

Turning to the first factor, location of counsel is mixed, but tips in favor of Defendant in that Co-Defense counsel, who will be primarily preparing the witness and defending the deposition, is in Florida, while Plaintiff's counsel and one of Defendant's lawyers (who may not travel) are in Maryland. The second factor favors Plaintiff, as there is only one deponent who would need to travel. The third factor relates to the likelihood of discovery disputes that would need to be solved by the Florda court. Given the parties' agreement that objections are preserved, the Court believes it is unlikely that the Florida court would be so tasked such that that factor favors Defendant. The fourth factor favors Defendant, as the deponent does not regularly travel for business. The fifth factor is not relevant given that Defendant has not filed a permissive counterclaim. And finally, the known equities do not obviously favor Plaintiff. Other than the fact that Defendant has greater resources (which will almost always be the case), it is not clear whether Plaintiff even plans to attend the deposition in person.

The Court also notes that the criteria set forth above existed before virtual depositions became commonplace. Technology now allows the simultaneous sharing of documents and allows the visual assessment of the deponent. While it is true that the camera may not provide as robust an opportunity to assess a deponent's body language, etc. as being in person, it is far superior to an audio-only telephone deposition. Defendant has already agreed to a virtual deposition. Plaintiff, of course, can assess whether the incremental advantage provided by in-person assessment is worth the cost of sending two lawyers to Florida.

Accordingly, the Court holds that the deposition will go forward in Florida.

## III. Conclusion

For the foregoing reasons, Plaintiff's request is DENIED and Defendant's requested relief is GRANTED.

Notwithstanding its informal nature, this letter constitutes an order of the Court and should be docketed as such.

Sincerely yours,

/s/

J. Mark Coulson
United States Magistrate Judge